IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH MOSER,<br>        Plaintiff,<br><br>    v.<br><br>POLYMER DYNAMICS, INC.,<br>        Defendant. | Civ. No. 05-6807 |

**MEMORANDUM ORDER**

The parties in this action have submitted a joint request that judgment be entered against defendant Polymer Dynamics, Inc. in the amount of $49,423 (Docket No. 42). The court will deny the request.

Polymer Dynamics, Inc., a Pennsylvania corporation, is represented only by its president, W.J. Peoples. As both this court and Magistrate Judge M. Faith Angell have explained to the parties, a corporation may not appear before this court *pro se*, nor may it be represented by an officer not licensed to practice law. *United States v. Cocivera*, 104 F.3d 566, 572 (3d Cir. 1996) (*quoting Rowland v. Cal. Men's Colony, Unit II Men's Adv. Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.")); *see also Pa. Bus. Bank v. Biz Bank Corp.*, 330 F. Supp. 2d 511, 513 n.1 (E.D.

Pa. 2004); E.D. Pa. L.R. Civ. P. 5.1(4)(b).  Thus, the court cannot recognize Mr. Peoples's request as a formal motion to the court on behalf of defendant.  Moreover, the court is unwilling to enter judgment solely on plaintiff's request with no showing of liability or default.

The parties may enter into a settlement agreement—or any other contract—if they wish, and plaintiff may, through counsel, move to dismiss his complaint voluntarily.  But if the parties wish the court to enter judgment by consent, the court has no choice but to require that defendant convey its consent through licensed counsel.

*   *   *   *   *

AND NOW, this 7th day of April, 2008, for the foregoing reasons, the parties' request for an entry of judgment (Docket No. 42) is DENIED.

BY THE COURT:

/s/ Louis H. Pollak
_____
Pollak, J.